# **EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x

HELEN KONTOGIANNIS

        Plaintiff/Petitioner,

- against -            Index No. 709696/14

LINCOLN FINANCIAL GROUP et al

        Defendant/Respondent.
-----------------------------------------------------------------x

# NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

  PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

  The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

  Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 12/18/14

_____ (Signature)   21-83 Steinway Street (Address)
George Bassias (Name)     Astoria, NY  11105

George Bassias Attorney LLC (Firm Name) 718-721-4441 (Phone)
            gbassias@bassiaslaw.com (E-Mail)

To: _____

6/4/14

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X   INDEX: 709696/2014

HELEN KONTOGIANNIS
                Plaintiff,

-against-

**SUMMONS WITH COMPLAINT**

LINCOLN FINANCIAL GROUP, also doing business
as THE LINCOLN NATIONAL INSURANCE COMPANY,
also doing business as LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK
                Defendant.
-------------------------------------------------------------X

Plaintiff designates Queens County
as the place for trial
basis of venue is:
Residence of plaintiff:
40-19 154 Street, Queens, NY

To The Above Named Defendants:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:    Queens, New York
             December 16, 2014

                                        GEORGE BASSIAS, ESQ.
                                        GEORGE BASSIAS ATTORNEY LLC
                                        Attorney for plaintiff Helen Kontogiannis
                                        21-83 Steinway Street
                                        Astoria, NY 11105
                                        718-721-4441

<u>Defendants Address:</u>
1230 Avenue of The Americas, # 7
NY, NY 10020

85 Allen Street, Ste. 210
Rochester, NY 14608

265 Sunrise Highway, Ste. 26
Rockville Center, NY 11570

8801 Indian Hills Drive
Omaha, NE 68114-4066

Notice: The nature of this action is Declaratory Judgment, contract action, and bad faith.

<u>RELIEF SOUGHT:</u> Declaratory Judgment, payment of disability and money damages
UPON YOUR FAILURE TO APPEAR, JUDGMENT WILL BE TAKEN AGAINST YOU BY DEFAULT FOR A SUM TO BE DETERMINED AT COURT WITH INTEREST FROM April 5, 2013 AND THE COSTS OF THIS ACTION.

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X   INDEX: 709696/14

HELEN KONTOGIANNIS

      Plaintiff,

-against-

LINCOLN FINANCIAL GROUP, also doing business
as THE LINCOLN NATIONAL INSURANCE COMPANY,
also doing business as LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK

      Defendant.
-----------------------------------------------------------------X

COMPLAINT IN ACTION FOR DECALRATORY JUDGMENT, FOR BREACH OF CONTRACT and BAD FAITH

Plaintiff, HELEN KONTOGIANNIS, complaining of defendant, by her attorney GEORGE BASSIAS ATTORNEY LLC, as for her complaint states the following:

1. At all times hereinafter mentioned and at the time of the within complaint, plaintiff HELEN KONTOGIANNIS, was and still is a resident of the County of Queens, City and State of New York.

2. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, defendant LINCOLN FIANCIAL GROUP, also doing business as THE LINCOLN NATIONAL INSURANCE COMPANY, also doing business as LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK is a foreign corporation actively doing business in New York with offices including but not limited to Rochester, New York; Manhattan, New York; and Nassau County, New York.

3. That at all times hereinafter mentioned and at the time of the within complaint, upon information and belief, LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, is either owned by and/ or affiliated with LINCOLN FIANCIAL GROUP AND THE LINCOLN

NATIONAL INSURANCE COMPANY, and is authorized and/or licensed with the New York State Department of Financial Services and/or New York State Department of Insurance for the purposes of writing, selling, and servicing various types of insurance policies, including but not limited to disability insurance policies for residents of New York State and New York City.

4. That at all times hereinafter mentioned and at the time of the within complaint, upon information and belief, that based upon the practice of actively writing, selling, and servicing various types of insurance policies, including but not limited to disability insurance policies for residents of New York State and New York City; defendant is subject to the jurisdiction of the New York Courts.

5. At all times hereinafter mentioned and at the time of the within complaint, and prior to and including April 5, 2013, plaintiff was an employee of FIRST INVESTORS BANK in Astoria, New York as a Manager.

6. That on April 5, 2013, while on vacation in the Bahamas, plaintiff was seriously injured in an accident, and was totally disabled as a result of the accident.

7. That on October 2013, the Social Security Administration found plaintiff totally disabled as a result of the accident on April 5, 2013.

8. That since the above mentioned accident plaintiff has been under the treatment of various medical physicians licensed under the State of New York who prescribed various medications to plaintiff, physical therapy and diagnostic tests.

9. That all of plaintiff's mentioned physicians have stated with reasonable medical certainty that plaintiff is totally disabled as a result of the accident on April 5, 2013.

10. At all times hereinafter mentioned and at the time of the within complaint, plaintiff was insured by defendant under a policy of insurance, said policy being policy number 00001015539800000.

11. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, said policy provided the guarantee and insured the payment of 60 % of wages to age 65.

12. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, plaintiff filed a timely claim for benefits which was assigned the claim number 1130085904.

13. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, on November 15, 2013, defendant by letter, denied plaintiff's claim for disability benefits.

14. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, that at the time of the above denial, plaintiff's treating physicians stated that plaintiff was totally disabled from her employment.

15. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, defendant denied plaintiff's claim for disability benefits without any credible and good faith opinion of a licensed medical professional who examined plaintiff.

16. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, and pursuant to the requirement of defendant as written in the

disability policy; plaintiff followed the guidelines of defendant by appealing the denial through the defendants inter office appeal process on two separate appeals.

17. That At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, the defendant denied plaintiff's two appeals based upon their prior reasons and the reports of two medical representatives who reviewed the medical reports of plaintiff's treating physicians, without ever examining plaintiff.

18. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, the medical evidence presented by plaintiff that plaintiff is totally disabled along with the social security disability decision in her favor, established prima facie evidence that plaintiff is totally disabled and the opinions of defendants' experts does not overcome the prima facie evidence.

## FIRST CAUSE OF ACTION DECLARATORY ORDER

19. Plaintiff repeats, reiterates, and realleges, 1 through 18 as if the same were set forth herein at length. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, the denial of defendant was and is a breach of the promise to pay disability benefits as promised in the aforementioned policy.

20. At all times hereinafter mentioned and at the time of the within complaint, upon information and belief, plaintiff was damaged because she is unable to work and support herself, and the disability insurance is supposed to pay her an amount that would enable her to support herself.

21. Wherefore plaintiff prays for a declaratory order awarding her disability benefits from April 5, 2013 to date, together with interest, costs and attorney fees; and an order for continuation of benefits.

## SECOND CAUSE OF ACTION-BREACH OF CONTRACT

22. Plaintiff repeats, reiterates, and realleges 1 through 21 as if the same were set forth herein at length.

23. That defendant's denial is in breach of the disability contract between plaintiff and defendant since the abundance of credible evidence makes a prima facie showing that plaintiff is disabled.

24. Wherefore plaintiff prays for an order for breach of contract awarding her disability benefits from April 5, 2013, together with interest, costs, attorney fees, damages, and an order for continuation of benefits.

## THIRD CAUSE OF ACTION-BAD FAITH

25. Plaintiff repeats, reiterates and realleges 1 through 24 as if the same were set forth herein at length.

26. That the denial of plaintiff's claim by defendant was not in good faith since plaintiff's medical evidence creates a prima facie showing of disability.

27. That at all times hereinafter mentioned and at the time of the alleged complaint, upon information and belief, defendant makes it a practice, policy, and procedure to deny disability claims in general, and in many cases such as plaintiff, where the presumption of evidence shows a total disability.

28. Wherefore plaintiff asks for damages for bad faith with interest, attorney fees, punitive damages and costs in excess of the jurisdictional limit of the lower courts.

29. Wherefore plaintiff asks for a declatory judgment that she is disabled and that defendant is obligated to pay disability benefits from April 5, 2013 to date, together with interest, costs and attorney fees; and an order for continuation of benefits on the first cause of action; for an order for breach of contract awarding her disability benefits from April 5, 2013, together with interest, costs, attorney fees, damages, and an order for continuation of benefits, on the second cause of action; and damages for bad faith, interest, costs, attorney fees, punitive damages, and an order for continuation of benefits on the third cause of action, and whatever else the court deems proper .

Dated:   Queens, NY
         December 16, 2014

BY: GEORGE BASSIAS
George Bassias Attorney LLC
21-83 Steinway Street
Astoria, NY  11105
718-721-4441

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X  INDEX: 709696/14
HELEN KONTOGIANNIS
                       Plaintiff,

-against-

LINCOLN FINANCIAL GROUP, also doing business
as THE LINCOLN NATIONAL INSURANCE COMPANY,
also doing business as LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK
                       Defendant.
------------------------------------------------------------X

COMPLAINT IN ACTION FOR DECALRATORY JUDGMENT, FOR BREACH OF CONTRACT and BAD FAITH

George Bassias Attorney LLC
Attorney for plaintiff
21-83 Steinway Street
Astoria, New York 11105
Tel.: (718) 721-4441

---

Service of a copy of the within          is hereby admitted
Dated,
Attorney(s) for

---

## NOTICE OF ENTRY

Sir:  Please take notice
   that the within is a (**certified**) true copy of a
   duly entered in the office of the clerk of the within named court on
Dated,       Yours, etc.   **GEORGE BASSIAS, ESQ.**

---

## NOTICE OF SETTLEMENT

Sir:  Please take notice that an order        of which the within is a
true copy will be presented for settlement to the Hon.     one of the judges of
the within named court, at         on the     day of    ,20   at     M.
Dated,
Yours, etc.      **GEORGE BASSIAS, ESQ.**
To: